**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS KING; TRICIA KING, husband and wife,<br><br>        Plaintiffs - Appellees,<br><br>   v.<br><br>GARFIELD COUNTY PUBLIC HOSPITAL DISTRICT NO. 1, a municipal corporation; SUSAN MORROW; JAMES D. MORROW; ANDREW CRAIGIE; BARBARA CRAIGIE; MICHELE BEEHLER; BLAINE BEEHLER,<br><br>        Defendants - Appellants,<br><br>  and<br><br>TERENCE SEAN MCGEE, M.D.; KIM MCGEE; OHS HEALTH & SAFETY SERVICES, INC.,<br><br>        Defendants. | No. 14-35460<br><br>D.C. No. 2:12-cv-00622-TOR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

---

     [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 17, 2015
Richland, Washington

Before: LEAVY, GRABER, and TALLMAN, Circuit Judges.

Plaintiff Dennis King, a nurse previously employed at Defendant Garfield County Public Hospital, filed a complaint under 42 U.S.C. § 1983 after the hospital terminated him following a positive drug test. Plaintiff alleged that his termination violated his procedural due process rights under the Fifth and Fourteenth Amendments. Defendants appeal the district court's denial of their motion for summary judgment on qualified immunity. Because Defendants were entitled to qualified immunity, we reverse.

"[P]rocedural due process requirements can rarely be considered clearly established[,] at least in the absence of closely corresponding factual and legal precedent." Shinault v. Hawks, 782 F.3d 1053, 1059 (9th Cir. 2015) (internal quotation marks omitted); see id. at 1060 (holding that the defendant was entitled to qualified immunity when there was an "absence of precedent establishing a state's obligation to provide a pre-deprivation hearing" to an inmate before the Oregon Department of Corrections withdrew funds from his trust account). Here, no clearly established law put Defendants on notice that Plaintiff was entitled to more process than he received.

Before the termination, Defendants provided Plaintiff with notice that the presence of drugs in his sample could result in termination under hospital policy. Plaintiff had an opportunity to explain the drug test result at a lengthy meeting with three hospital administrators and the medical review officer who interpreted the drug test results. He also had ample opportunity (a period of several weeks) to submit additional documentation explaining the presence of drugs in his sample, following the meeting and before his eventual termination. Indeed, he took advantage of that opportunity. Various arguments that Plaintiff was not provided sufficient process are not persuasive:

- The medical review officer's decision to change the designation of the drug screen report from negative to positive three weeks after Plaintiff's meeting with the hospital administrators does not demonstrate a lack of due process. To the contrary, the timing of the decision suggests that Defendants and the medical review officer were willing to consider Plaintiff's explanations for his test results.

- The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established law of which a reasonable person would have known. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam). "This inquiry turns on the objective legal

3

reasonableness of the action . . . ." <u>Pearson v. Callahan</u>, 555 U.S. 223, 244 (2009) (internal quotation marks omitted). Contrary to Plaintiff's argument that Defendants' personal ignorance of the procedural requirements of a name-clearing hearing should influence our decision, a defendant's state of mind is not relevant to the objective qualified immunity inquiry.

- The fact that Defendants never gave Plaintiff the numerical values of his test results (as distinct from the conclusion that the drug test was positive) is not dispositive, because Defendants reasonably could have believed that the process that they provided was sufficient. <u>See</u> <u>Levine v. City of Alameda</u>, 525 F.3d 903, 906–07 (9th Cir. 2008) (holding that an official was entitled to qualified immunity even though the plaintiff's due process rights had been violated, because the official reasonably could have believed that his conduct was lawful).

- "The fundamental requirement of due process is the <u>opportunity</u>" for an individual "to be heard at a meaningful time and in a meaningful manner." <u>Kaley v. United States</u>, 134 S. Ct. 1090, 1114 (2014) (emphasis added) (internal quotation marks omitted). Due process does not, however, require the decision-maker to reach the individual's desired outcome in order for the process to be constitutional.

4

For the foregoing reasons, we hold that Defendants were entitled to qualified immunity.

**REVERSED.**

*King v. Garfield Cty. Public Hosp.*, 14-35460

LEAVY, Circuit Judge, dissenting.

I would affirm the district court's denial of the motion for summary judgment on the issue of qualified immunity filed by defendants Andrew Craigie, Susan Morrow, and Michele Beehler. These individual defendants stated that they were unaware of the requirements for a hearing prior to discharging an employee for serious wrongdoing. They did not know that the meeting which they asked King to attend was what they now refer to as a "hearing."

The defendants told King at the meeting that he had tested "positive" for certain drugs, but no test results were provided. King was told that his continued employment depended on final laboratory results and interpretation by the medical review officer. Several days after the meeting, the defendants received the laboratory results indicating King's drug test was "negative" because the results accounted for King's valid prescription from his dentist. Later, the medical review officer changed the drug test report from negative to positive.

The defendants terminated King because of the level of drugs disclosed in the drug test. Throughout this so-called "hearing" process, King was never informed of his drug level. The parties acknowledge that the drugs prescribed by King's dentist would have caused the presence of the drugs in his system. It is only the level at which the drugs were present that caused the defendants to claim

that the test result was positive. King was first told of his drug levels six days *after* his termination. Three days after he was informed of his drug levels, the Garfield County Public Hospital reported King to the Washington Department of Health, Nursing Care Quality Assurance Commission, stating that King had tested positive for opiates. Following an investigation, the Commission determined that no cause for discipline existed because the evidence did not support a violation.

The Supreme Court holds that a "public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see also Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773, 777-78 (9th Cir. 1982) (stating that "procedural protections of due process apply if the accuracy of the charge is contested"). Here, a reasonable public official would have been aware that publishing stigmatizing information in the course of King's termination triggered King's right to confront the defendants' evidence prior to his termination, particularly in light of the shifting conclusions based on undisclosed drug levels. *See Cox v. Roskelley*, 359 F.3d 1105, 1113 (9th Cir. 2004) (stating that existing case law and the operation of Washington public disclosure law precludes a "head-in-the-sand" defense, and that "even in the absence of a Ninth Circuit case directly on point, government officials

2

may still be fairly warned of potential constitutional deprivations").